# IN THE COURT OF APPEALS OF IOWA

No. 17-1824
Filed January 24, 2018

**IN THE INTEREST OF L.S., M.M., and A.L.,**
**Minor Children,**

**T.H., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

        A mother appeals the termination of her parental rights pursuant to Iowa Code chapter 232 (2017).  **AFFIRMED.**

        Kristin L. Denniger, Cedar Rapids, for appellant mother.

        Thomas J. Miller, Attorney General, and John McCormally, Assistant Attorney General, for appellee State.

        Annette Foege Martin, Cedar Rapids, guardian ad litem for minor children.

        Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

Tara appeals from an order terminating her parental rights in her three children, L.S. (born 2007), M.M. (born 2010), and A.L. (born 2011), pursuant to Iowa Code section 232.116(1)(f) (2017). This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The statutory framework authorizing the termination of a parent-child relationship is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (setting forth the statutory framework).

In this appeal, Tara contends there was insufficient evidence supporting the statutory ground authorizing the termination of her parental rights. At issue here is Iowa Code section 232.116(1)(f)(4). Under this provision, as relevant here, the State was required to prove by "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102." Iowa Code § 232.116(1)(f)(4). We have interpreted this to require "clear and convincing evidence the children would be exposed to an appreciable risk of adjudicatory harm if returned to the parent's custody at the time of the termination hearing." *In re E.H.*, No. 17-0615, 2017 WL 2684420, at *1 (Iowa Ct. App. June 21, 2017).

On de novo review, we conclude the State proved its case by clear and convincing evidence. The record reflects the family repeatedly came to the attention of the Iowa Department of Human Services (IDHS) between 2011 and 2016. IDHS conducted twelve child abuse assessments of this family during this time period. During the course of these assessments, Tara was uncooperative with IDHS. On occasion, she fled the state with the children to avoid IDHS

intervention. The department also founded several reports of child abuse against Tara during this same time period. Most recently, the family came to the attention of IDHS in 2016 when it was reported Tara was using methamphetamine while caring for the children, associating with unsafe individuals at the family home, and operating a methamphetamine laboratory in the home. The children were removed from Tara's care in July 2016. Tara was ordered to engage in drug testing, substance-abuse treatment, mental-health treatment, and to comply with other services as requested. The evidence showed Tara failed to comply with services. She did not complete substance-abuse treatment. She repeatedly tested positive for methamphetamine. She continued to engage in criminal behavior and was arrested several times while this case was pending. At the time of the termination hearing, Tara's probation officer was proceeding with a report of violation to revoke Tara's probation. Tara conceded at the termination hearing that she could not resume care of the children at the time of the termination hearing. We agree. Clear and convincing evidence shows the children would have been exposed to an appreciable risk of adjudicatory harm if returned to Tara's care at the time of the termination hearing. *See, e.g., In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) (noting drug addiction can render a parent unable to care for children); *In re R.P.*, No. 16-1154, 2016 WL 4544426, at *2 (Iowa Ct. App. Aug. 31, 2016) (affirming termination of parental rights of parent with history of drug abuse); *In re H.L.*, No. 14-0708, 2014 WL 3513262, at *3 (Iowa Ct. App. July 16, 2014) (affirming termination of parental rights when parent had history of substance abuse).

We next address Tara's contention that the State failed to prove termination of her parental rights was in the best interest of the children. When making a best-

interest determination, "the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). As a general rule, "'the needs of [children] are promoted by termination of parental rights' if the grounds for termination of parental rights exist." *In re L.M.F.*, 490 N.W.2d 66, 68 (Iowa Ct. App. 1992) (citation omitted). "Insight for the determination of the child's long-range best interests can be gleaned from evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing." *A.B.*, 815 N.W.2d at 778.

On de novo review, we conclude the State proved by clear and convincing evidence that the termination of Tara's parental rights in these children was in the best interest of the children. Tara has failed to resolve her substance-abuse addiction. At the termination hearing, Tara conceded her addiction precluded her from providing adequate care for the children. The concession is supported by other evidence. The children have suffered physical harm due to Tara's conduct. One child tested positive at birth for controlled substances. Another child required significant dental intervention due to rotting teeth. We reject out of hand Tara's contention that she would actually start complying with services if the children were returned to her care. What's past is prologue. There is no indication Tara, based on her past performance, would be able to provide for the physical, mental, and emotional needs of the children going forward. While Tara has a bond with her children, she lacks the ability to provide the consistent parenting her children

require and deserve. These children "simply cannot wait for responsible parenting." *Id.* at 777.

We affirm the juvenile court's order terminating Tara's parental rights in her children L.S., M.M., and A.L.

**AFFIRMED.**